**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Guillermo ZAVALA–BOLANOS,**
**Defendant–Appellant.**

**No. 12–50295.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Oct. 2, 2013.

Lara Alaine Stingley, Esquire, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Devin Burstein, Assistant Federal Public Defender, Kara Hartzler, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Guillermo Zavala–Bolanos appeals from the district court's judgment and challenges the 77–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Zavala–Bolanos contends that the district court procedurally erred by relying

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

on the erroneous belief that he had multiple reentries. We review for plain error, *see United States v. Dallman*, 533 F.3d 755, 761 (9th Cir.2008), and find none. The record reflects that, although the district court referenced multiple reentries, it subsequently indicated that Zavala–Bolanos had only one official deportation. Moreover, to the extent the district court erred, the error did not affect Zavala–Bolanos's substantial rights. *See id.*

Zavala–Bolanos also contends that the district court abused its discretion by failing to depart downward on the basis of his cultural assimilation. Our review of a district court's exercise of discretion to depart or vary on the basis of cultural assimilation is subsumed in our review of whether the court imposed a substantively reasonable sentence. *See United States v. Ellis*, 641 F.3d 411, 421–22 (9th Cir.2011). The court did not abuse its discretion in imposing Zavala–Bolanos's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a), including his criminal history and the need for deterrence. *See id.*

Zavala–Bolanos's contention that *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was overruled is foreclosed. *See United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1036 (9th Cir.2011).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.